**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 07–cr–00435–REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. ROMAN SANTISTEVAN,

    Defendant.

---

**AMENDED[1] ORDER DENYING
DEFENDANT'S MOTION TO WITHDRAW PLEAS OF GUILTY**

---

**Blackburn, J.**

The matter is before me on that portion of defendant's **Written Allocution in Lieu of Sentencing And/Or Writ of Mandamus** [#139] filed February 26, 2010, in which the defendant moves to withdraw his pleas of guilty. On June 16, 2010, I received evidence and argument on the issues raised by the motion. At the conclusion of the hearing, I entered partial findings of fact, conclusions of law, and orders denying the motion. This order is entered to confirm, supplement, and explicate those findings, conclusions, and orders.

Because the defendant is proceeding *pro se*, I construed his paper generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89 \_\_\_, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing

---

[1] This amended order is entered pursuant to Fed. R. Crim. P. 36, to correct the clerical error at page 12, *infra*., to correctly reflect that 15 years equals 180, not 80, months as originally stated. No prior notice of the correction of this inadvertent, clerical error is necessary in these circumstances.

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

In fashioning my ruling I considered all relevant adjudicative facts in the file and record of this case *pro tanto*. I considered the relevant reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing on June 16, 2010. I considered the totality of relevant circumstances.

In assessing the credibility of the two witnesses who testified, I have considered all facts and circumstances shown by the evidence that affected their credibility, including the following factors: their means of knowledge, ability to observe, and strength of memory; the manner in which they might be affected by the outcome of the hearing; the relationship each has or had to either side in the case; the consistency of their testimony; and the extent to which they were either supported or contradicted by other evidence presented during the hearing.

Based on the foregoing, I enter the following findings of fact (which are supported by a preponderance of the evidence), conclusions of law, and orders, which are intended to confirm, supplement, and explicate the findings, conclusions, and orders I entered from the bench at the conclusion of the hearing on June 16, 2010.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

I found the testimony of Mitchell Baker, defendant's plea counsel, to be much more credible that the testimony of the defendant, who I am convinced lied during his testimony.

The chronology of relevant procedural facts and events as taken from the court's CM/ECF electronic filing records for this case is as follows.

- On October 24, 2007, the grand jury returned a twenty-two count Indictment against defendant and co-defendant, Ishmael Mosely, in which the defendant was charged in counts 1, 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, and 14.
- On October 8, 2008, the Honorable Marcia S. Krieger, a United States District Judge for the District of Colorado, conducted a change of plea hearing during which, *inter alia*, the defendant, pursuant to his plea agreement entered unconditional pleas of guilty to the crimes charged in counts 1, 9, 10, and 13 of the Indictment, and the matter was continued for sentencing to February 23, 2009.
- In turn, and for a variety of reasons, the sentencing hearing was continued a number of times, but was finally set for February 26, 2010.
- On February 26, 2010, the day of the sentencing hearing, the defendant filed his paper, which I construed, in part, to constitute a motion to withdraw his pleas of guilty.

Pursuant to his original understanding and pursuant to the written plea agreement (Government Exhibit 2), the defendant entered pleas of guilty to the crimes charged in Counts One, Nine, Ten, and Thirteen of the Indictment. Counts One, Nine, and Thirteen charged a violation of 18 U.S.C. § 1951(a), Hobbs Act Robbery. Count Ten charged a violation of 18 U.S.C. § 924(c), Use/Carry a Firearm in Furtherance of a Crime of Violence.

Defendant's motion implicates Fed.R.Crim.P. 11(d)(2)(B) as codified and construed. Rule 11(d)(2)(B) provides in relevant part:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere
> **(2)** after the court accepts the plea, but before it imposes sentence if:
> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

"The burden of demonstrating a fair and just reason rests with the defendant, based on the following considerations: (1) defendant's assertion of innocence; (2) resulting prejudice to the government; (3) defendant's delay in filing the withdrawal motion; (4) inconvenience to the court; (5) defendant's assistance of counsel; (6) knowledge and voluntariness of the plea; and (7) resulting waste of judicial resources. *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir.1993)." *United States v. Graves*, 106 F.3d 342, 343 (10th Cir.1997); *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (quoting *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir.1993)); *United States v. Garcia*, 577 F.3d 1271 (10th Cir. 2009); *United States v. McKinney*, 363 Fed.Appx, 665, 669 (C.A. 10 (Kan.), 2010) (No evidence supporting claim of plea counsel coercion.) I have considered carefully each of these factors in the context of defendant's circumstances generally and in the context of his contentions specifically. On balance the *Gordon* factors weigh heavily against permitting defendant to withdraw his extant pleas of guilty.

Concerning the first factor – defendant's assertion of innocence – defendant has never credibly asserted his innocence. Belatedly, he did assert his innocence in his motion, an assertion that he reiterated jejunely during the June 16, 2010, hearing. However, the defendant did not credibly or unequivocally assert his innocence in his motion or during the June 16, 2010, hearing. Contrastingly, during his change of plea

4

hearing before Judge Krieger on October 8, 2008, he credibly and unequivocally asserted his guilt to the four crimes to which he entered pleas of guilty. Without hesitation or reservation he affirmed the relevant incriminating facts in his Plea Agreement And Statement of Facts Relevant to Sentencing [#79] under th rubric of "IV. Stipulation of Factual Basis And Facts Relevant to Sentencing." Thus, I conclude that defendant's belated assertion of innocence has been manufactured recently in aid of a belated attempt to renege on his plea agreement.

Concerning the second factor – resulting prejudice to the government – due to the delay caused by the delay in bringing the motion, the government has been prejudiced, perhaps irreparably, in its ability to call defendant's co-defendant to testify at trial. The co-defendant's cooperation *pro tanto* resulted in a reduced sentence that cannot now be modified; thus, his incentive to testify against the defendant has been extenuated significantly, if not eliminated altogether. In exacerbation, the government does not have a ready means, as a practical matter, to compel the truthful testimony of the co-defendant. Accordingly, the government's prejudice is substantial.

Additionally, the government would be required to scramble to organize its case for a trial that, *per force*, must be set almost immediately to satisfy the strictures of the Speedy Trial Act of 1974. Whether the government would be able to respond on such short notice is inherently problematic, and to that extent also prejudicial.

Concerning the third factor – defendant's delay in filing the withdrawal motion – defendant entered his plea on October 8, 2008, and he filed his motion to withdraw his plea on February 26, 2010, over sixteen months after his plea and on the day of his sentencing hearing. In his motion, defendant raised nothing that he did not already

know within a few days of the change of plea hearing and certainly no later than the date of first sentencing hearing on February 23, 2009, over one year before he filed his motion. The delay in filing the motion is as inexcusable as it is prejudicial.

Concerning the fourth and seventh factors – inconvenience to the court and resulting waste of judicial resources – if the motion is granted, trial by jury must commence almost immediately to preserve the right to a speedy trial under the Speedy Trial Act of 1974. To accommodate speedy trial, I would be constrained to vacate a number of hearings and trials in both civil and criminal cases to the detriment, delay, and expense of other litigants, lawyers, and witnesses. The resultant inconvenience and waste of judicial resources would be significant.

Concerning the fifth factor – defendant's assistance of counsel – my analysis begins with **Strickland v. Washington**, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). Under **Strickland's** bipartite test, defendant must show (1) that his attorney's performance was unreasonable under prevailing professional standards, *Id*.; and (2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different," *id*. at 694, 104 S.Ct. at 2068. **Strickland** defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. To meet the second part of the **Strickland** test, defendant must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result would have been different." *Id*. *See also*, **Lockart v. Fretwell**, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (holding that under **Strickland**, petitioner must show that "counsel's deficient performance renders

the result of the trial unreliable or the proceeding fundamentally unfair"). Under the second prong of **Strickland**, the defendant must demonstrate a "reasonable probability" that counsel's performance prejudiced the defendant, meaning a probability "sufficient to undermine confidence in the outcome." **Strickland**, 466 U.S. at 694, 104 S.Ct. 2052. This is less than a preponderance of the evidence, for "a defendant need not show that counsel's deficient performance more likely than not altered the outcome of the trial." **Fisher v. Gibson**, 282 F.3d 1283, 1307 (10th Cir.2002) (emphasis added) (quotation omitted). See also **McLuckie v. Abbott**, 337 F.3d 1193, 1198 (10th Cir. 2003). The **Strickland** test applies to claims of ineffective assistance of counsel claims in the context of challenges to guilty pleas. **Hill v. Lockhart**, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

> "In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective assistance challenges to convictions obtained through trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial."

**Hill v. Lockhart**, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d 203.

The Tenth Circuit has held that "'[t]o show prejudice in the guilty plea context, the defendant must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and insisted on going to trial.' **Hill**, 474 U.S. at 59, 106 S.Ct. at 370." **Gordon**, 4 F.3d at 1570.

7

The principal assertion of the defendant is that he was coerced or traduced by his plea counsel into signing a plea agreement that was materially different than the one he approved initially. In support of his assertion that he was coerced by his plea counsel, the defendant claims that his plea counsel threatened him that unless he accepted the plea agreement and cooperated with the government, he would be facing a much lengthier sentence. I find that defendant's plea counsel never made such a threat. Plea counsel did review the very lengthy sentences that could be imposed if the defendant were found guilty of all the crimes with which he was charged. However, at no time did plea counsel threaten the defendant – let alone in an attempt to coerce his acceptance and execution of the proposed plea agreement.

In support of his assertion that he was traduced by his plea counsel, the defendant claims that after presenting and discussing one plea agreement that the defendant found palatable, his plea counsel insisted that he sign a different plea agreement that provided for sentences that were unacceptably lengthy to the defendant. In the words of the defendant from his motion: "Defendant was offered a plea which stated that the charges looked false, and that if the Defendant cooperated, Defendant will be offered a much better plea later, inducing Defendant to fraudulently sign that plea. Based on the advice of counsel, Defendant signed that plea agreement." Motion at 2. "Even though Defendant believed Defendant was innocent of the charges, Defendant's counsel advised Defendant that Defendant's participation would provide Defendant less time in prison, and since Defendant had never been in trouble before, and was cooperating with the government, that Defendant would be sentenced to a maximum of 2 years in prison, inducing Defendant to enter a plea agreement under

8

threat of severe punishment if Defendant did not accept the plea." *Id.*

Concerning these assertions, I found defendant's plea counsel's sworn testimony more credible than defendant's, whose testimony I found to be, contrastingly, self-serving, inconsistent, and dissembling. Mr. Baker testified convincingly that there was no such bait and switch. Instead, Mr. Baker testified credibly and cogently that on or about October 1, 2008, he carefully and thoroughly reviewed with the defendant the terms and provisions of the plea agreement that the defendant accepted and executed in connection with the change of plea hearing on October 8, 2008.[2] I find and conclude: (1) that at no time did Mr. Baker lie to the defendant about the plea agreement or any issues relating to offense level enhancement or sentencing; (2) that at no time did Mr. Baker misrepresent any part of the plea agreement; (3) that at no time did Mr. Baker instruct or exhort the defendant to lie to or mislead Judge Krieger during the October 8, 2008, change of plea hearing; and (4) that at no time did Mr. Baker represent to or promise the defendant that the plea agreement would be modified subsequent to the change of plea hearing to conform the plea agreement to coincide with the defendant's initial understanding.[3]

---

[2] Mr. Baker testified that the defendant did not execute the plea agreement on October 1, because one, minor correction was necessary. However, the defendant executed the corrected plea agreement on October 8. It is clear from the evidence that the correction did not implicate any material term or provision of the plea agreement.

[3] In his motion and testimony, the defendant makes inexplicit references to sentencing enhancements that he claims were not disclosed until the written plea agreement was presented to him. He neither identifies the so-called enhancements nor explains how they were inconsistent with his sentencing expectations. However, as of the change of plea hearing, it was clear to the defendant that under any sentencing scenario, the government would be requesting a total sentence of no more than fifteen years (180 months), that the sentencing judge was free to impose any sentence available under the law for the various counts of conviction, and that the defendant was free to argue for a sentence of less that fifteen years or the advisory guideline range. Thus, the defendant's morbid preoccupation with unspecified sentencing enhancements is irrelevant.

The defendant claims also: (1) that his plea counsel told him that there was no evidence that he committed a crime; (2) that his plea counsel failed to investigate and pursue potential defenses; and (3) that his plea counsel failed to provide him with any discovery, and, in fact, withheld evidence from him.[4] The defendant did not present any evidence in support of his contentions that his plea counsel told him that there was no evidence that he committed a crime and that his plea counsel failed to investigate and pursue potential defenses. Thus, those assertions fail for want of evidence. Concerning defendant's assertion that his plea counsel failed to provide him with any discovery and withheld evidence from him, I credit the testimony of defendant's plea counsel that he reviewed with the defendant the discovery most relevant to the issues that were important to the defendant as he considered his defensive strategy and the proposed plea agreement offered by the government. Thus, I conclude that the defendant had the benefit of the discovery most relevant to his defense and his plea calculus.

I conclude ultimately (1) that the professional performance of defendant's plea counsel was not unreasonable under prevailing professional standards; and (2) that there is not a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and insisted on going to trial. At all times relevant to the issues raised by the defendant's request to withdraw his pleas of guilty and his participation in

---

[4] The defendant claimed recklessly without any factual basis – and obviously without any research – that plea counsel was a public defender who suffered under a conflict of interest because he is compensated by the same government that was prosecuting the defendant. Motion at 2. I take judicial notice under Fed. R. Evid. 201 that plea counsel was not an assistant federal public defender, but instead, w as a Criminal Justice Act panel attorney, who was not compensated by the branch of the government that compensates assistant United States attorneys. Additionally, the defendant claimed that plea counsel violated the Colorado Rules of Professional Conduct and the ABA rules governing criminal defense counsel. However, the defendant failed to cite to any such provisions or explicate any such violations. From my review of the relevant record, I do not discern any such violations by plea counsel.

the plea agreement, the defendant had the benefit of the effective assistance of competent counsel consistent with his constitutional right under the Sixth Amendment.

Concerning the sixth factor – knowledge and voluntariness of the pleas – based on my review of the record, including the transcript of the October 8, 2008, change of plea hearing and the evidence educed during the June 16, 2010, hearing, and contrary to the remonstrances of the defendant, I conclude that the defendant knew and understood each and every term, provision, and part of his plea agreement (Exhibits 2 and 3), which he had reviewed carefully and thoroughly with his plea counsel and which he reviewed carefully with Judge Krieger as she sedulously conducted the providency hearing in the manner required by Fed. R. Crim. P. 11. I conclude also that the defendant entered his pleas of guilty to the four crimes specified in his plea agreement voluntarily, knowingly, intelligently, and intentionally without question or reservation and that his pleas of guilty were not the result of collusion, mistake, misunderstanding, misrepresentation, intimidation, fear, force (actual or threatened), threats (express or implied), coercion, undue influence, fatigue (mental or physical), privation, or promises (express or implied). Contrary to his assertions, the record makes pellucid that at the time of the change of plea hearing and as the defendant entered his pleas of guilty as contemplated by his plea agreement (1) he knew well the essential elements of and factual basis for each of the four crimes to which he pled guilty; (2) he knew the maximum possible sentences to prison for each crime; (3) he knew that the gun count (18 U.S.C. § 924(c)) was subject to a statutory, mandatory, minimum sentence of seven years, which must be imposed consecutively to the sentences imposed on the other three bank robbery counts; (4) he knew the government was seeking a total sentence of

no more than fifteen years – 180[5] months, which included the mandatory minimum seven year consecutive sentence on the gun count; (5) he knew that the sentencing judge was not bound by the sentencing calculations of the parties in the plea agreement or the advisory sentencing guideline applications and calculations, but, instead, was free to impose any sentence available under the law for each of the four counts of conviction; and (6) he knew he was free to argue for a combined sentence below the advisory guideline range (but not less than seven years plus one day). Thus, when the defendant entered his pleas of guilty, he knew, or certainly should have known, that he was receiving the benefit of the original bargain that he struck with the government.

I conclude where I commenced: the *Gordon* factors – all of them – weigh heavily against allowing the defendant to withdraw his guilty pleas. The defendant has failed to show a fair and just reason for requesting the withdrawal within the meaning of Fed. R. Crim. P. 11(d)(2)(B). Accordingly, his motion should be denied.

**THEREFORE, IT IS ORDERED** that the defendant's motion to withdraw his pleas of guilty, which motion is contained within the **Written Allocution in Lieu of Sentencing And/Or Writ of Mandamus** [#139] filed February 26, 2010, is **DENIED**.

Dated July 29, 2010

                                                       **BY THE COURT:**

                                                       /s/ Robert E. Blackburn
                                                       Robert E. Blackburn
                                                       United States District Judge

---

[5] To reiterate, this amended order is entered to correct clerical error and to correctly note that 180 months, not 80 months, equals 15 years.