# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Action No. 07-cr-00435-REB
(Civil Action No. 16-cv-01503-REB)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

1. ISHMAEL MOSELY, a.k.a. "Ish," and
2. ROMAN SANTISTEVAN,

    Defendants-Movants.

## ORDER DENYING § 2255 MOTION TO VACATE

**Blackburn, J.**

This matter is before me on the **28 U.S.C. § 2255 Motion To Vacate Sentence** [#195][1] filed by defendant-movant Ishmael Mosely on June 20, 2016. The government filed an answer [#209], and Mr. Mosely filed a reply [#210]. In addition, the government filed a notice of supplemental authority [#211]. I deny the motion.

On June 30, 2016, defendant-movant Roman Santistevan filed a *pro se* motion under § 2255 [#197, #198]. A short time later, Mr. Santistevan filed, through counsel, a **Motion To Adopt and Consolidate** [#202]. Mr. Santistevan sought an order permitting him to adopt the motion [#195] of Mr. Mosely as a brief in support of the motion of Mr. Santistevan. In addition, he sought an order consolidating these two § 2255 motions for purposes of briefing. The court entered an order [#204] granting the motion to adopt and

---

[1] "[#195]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

consolidate. The response [#209] and reply [#210] thus address the claims of both Mr. Mosely and Mr. Santistevan. Essentially, the claims of the two defendants-movants are identical. In this order, I will refer to the motion [#195] of Mr. Mosely as the motion of the movants.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), a federal prisoner claiming the right to be released on the ground that his federal sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move to have his sentence vacated, set aside, or corrected.

## II. BACKGROUND

Both Mr. Mosley and Mr. Santistevan were convicted of multiple counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and of using or carrying a dangerous weapon during a crime of violence, contrary to 18 U.S.C. § 924(c). The § 924(c) conviction increased the sentence of Mr. Mosely by 10 years. The sentence of Mr. Santistevan also was increased under § 924(c) although the precise amount of that increase is not made clear in the briefing.

Under § 924(c), any person who uses or carries a firearm during and in relation to a crime of violence, or who possesses a firearm in furtherance of such a crime, is subject to an additional prison sentence, as specified in § 924(c)(1)(A). For this provision to be applicable, at least one predicate or underlying offense must have been a "crime of violence." Here, the predicate offenses were Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. A sentence for a § 924(c) offense must be "in addition to," meaning consecutive

to, the punishment provided for the underlying crime of violence.  18 U.S.C. § 924(c)(1)(D)(ii).

Given developments in the law since they were sentenced, Mr. Mosely and Mr. Santistevan now claim that their convictions for Hobbs Act Robbery are not crimes of violence, as that term is defined in § 924(c)(3).  Section 924(c)(3) defines the term "crime of violence" as an offense that is a felony and that -

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  I will refer to subparagraph (A) as the Physical Force Clause and subparagraph (B) as the Risk of Force Clause.  Hobbs Act Robbery is a felony.

The movants make two arguments to support their claim that Hobbs Act Robbery is not now a crime of violence, as that term is defined in § 924(c)(3).  First, they contend Hobbs Act Robbery does not fit the definition of a crime of violence as stated in the Physical Force Clause, § 924(c)(3)(A).  If that is true, then Hobbs Act Robbery can be considered a crime of violence only if it fits the definition provided in the Risk of Force Clause, § 924(c)(3)(B).

In their second argument, the movants contend the Risk of Force Clause now is invalid because it is void for vagueness.  This argument is based on the ruling of the Supreme Court of the United States that a somewhat similar provision in the Armed Career Criminal Act (ACCA) is unconstitutionally vague.  **See  Johnson v. U.S.**, ___ U.S. ___, ___, 135 S.Ct. 2551, 2563 (2015) (**Johnson II**).  If Hobbs Act Robbery does not fit the definition of a crime of violence stated in § 924(c)(3)(A) and § 924(c)(3)(B) is void under

3

***Johnson II***, then, the movants assert, their § 924(c) sentence enhancements must be vacated.

In response to the present motion, the government contends the motion was not filed within the one year period of limitation provided in § 2255(f). Generally, that one year period begins to run on the date the conviction in question became final. Judgment entered on the convictions of Mr. Mosely on September 17, 2009 [#120]. He did not file a direct appeal and his time to file a direct appeal expired on about October 1, 2009. The convictions of Mr. Mosely became final on or about October 1, 2009. ***U.S. v. Prows***, 448 F.3d 1223, 1227–28 (10th Cir. 2006). The convictions of Mr. Santistevan became final when the Supreme Court denied his petition for certiorari on April 18, 2011. ***Id.*** Without question, the current motion was filed more than one year after the convictions and sentences of the movants became final.

Mr. Mosely and Mr. Santistevan claim they are entitled to the benefit of the extended period of limitation provided in § 2255(f)(3). Under that subsection, a § 2255 motion may be filed within one year of

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3). The movants contend they are asserting the right newly recognized by the Supreme Court in ***Johnson II*** and they have asserted that right within one year of the date on which this new right was recognized by the Supreme Court. The rule in ***Johnson II*** applies retroactively. ***Welch v. U.S.***, ___ U.S. ___, 136 S.Ct. 1257, 1265 (2016). The nature of the claims asserted by the movants determines whether or not they assert here the right newly recognized in ***Johnson II***. Only if they are asserting that

4

newly recognized right may they properly claim the benefit of the limitations period defined in § 2255(f)(3).

### III.  ANALYSIS

#### A.  Physical Force Clause - § 924(c)(3)(A)

The movants contend Hobbs Act Robbery does fit the definition of a crime of violence stated in § 924(c)(3)(A), the Physical Force Clause, because the statutory definition of Hobbs Act Robbery does not include as a necessary element the use, attempted use, or threatened use of physical force against the person or property of another.  This issue calls for application of the categorical approach.  **U.S. v. Serafin**, 562 F.3d 1105, 1107 - 1108 (10th Cir. 2009).  Under that approach, the court must look to the statutory elements of the predicate conviction, rather than to the specific conduct giving rise to that conviction, when determining if a predicate conviction qualifies as a crime of violence.  **See U.S. v. Descamps**, ___ U.S. ___, ___, 133 S. Ct. 2276, 2283 (2013) (applying 18 U.S.C. § 924(e)).  In employing the categorical approach to determine if a particular crime is a crime of violence, a court may not rely solely on the application of legal imagination to the language of a statute.  **See Gonzales v. Duenas-Alvarez**, 549 U.S. 183, 193 (2007).  Rather, there must be "a realistic probability, not a theoretical possibility," that the statute in question could be applied to conduct that does not constitute a crime of violence.  **Id**.; **U.S. v. Hill**, 832 F.3d 135, 139 - 143 (2nd Cir. 2016).

The Hobbs Act provides, in pertinent part:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

> (b) As used in this section—
>
> > (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951 (emphasis added).

As defined in subsection (b)(1), quoted above, robbery includes as an element use of "actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company . . . ." § 1951(b)(1). The movants contend this element of Hobbs Act Robbery does not necessarily require the use, attempted use, or threatened use of physical force. Absent such a requirement, the movants assert, Hobbs Act Robbery does not fall within the Physical Force Clause.

The movants contend that Hobbs Act Robbery may be seen as a crime of violence under the Physical Force Clause only if an essential element of that crime requires the use or threatened use of violent physical force, a force capable of causing physical pain or injury to another person, as opposed to just any physical force. The movants rely on the interpretation of the term "physical force" by the Supreme Court as that phrase is used in a different sentencing provision, § 924(e)(2)(B), which is part of the ACCA. ***Johnson v. U.S.***, 559 U.S. 133, 140 (2010) (applying 924(e)(2)(B) (***Johnson I***). In ***Johnson I***, the Supreme Court held that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Id*. The statutory provision at issue in ***Johnson I*** which uses the phrase "physical force" concerns only force used against a person and does not

6

involve force used against property. For purposes of the present case, I assume without deciding that the phrase "physical force," as used in the Physical Force Clause, is subject to the same interpretation. Thus, as used in § 924(c)(3)(A), I read the phrase "physical force" to require force capable of causing physical pain or injury to another person or injury to property.

In the view of the movants, Hobbs Act Robbery, as defined in § 1951, can be committed with *de minimis* force and, thus, does not necessarily require the use of violent physical force. The movants propose that a pocketbook could be wrenched out of the hand of a robbery victim without causing pain or injury to the victim. Such a robbery, the movants assert, could be a Hobbs Act Robbery but would not involve pain or injury to the victim. This hypothetical parses the **Johnson I** interpretation too closely. The **Johnson I** interpretation requires force "capable of causing physical pain or injury," but does not require force which actually or necessarily causes pain or injury. Needless to say, wrenching a pocket book out of a victim's hand is the use of force which is capable of causing pain or injury even though such force will not necessarily cause pain or injury.[2]

Recently, the United States Court of Appeals for the Tenth Circuit held that Hobbs Act Robbery, as defined in § 1951, qualifies as a crime of violence under the Physical Force Clause, § 924(c)(3)(A). **United States v. Moreno**, 2016 WL 6648670, at *2 (10th Cir. 2016) (unpublished). The court held that Hobbs Act Robbery has as an element the

---

[2] Importantly, hypotheticals are of little utility in showing that the predicate crime of Hobbs Act Robbery can be committed without the use of "physical force." Addressing a contention that Hobbs Act Robbery is not a crime of violence under the Physical Force Clause, the United States Court of Appeals for the Second Circuit concluded that a defendant is required to point to his own case or other actual cases in which the courts applied the statute in a manner that resulted in a conviction even though physical force was not used by the defendant. **U.S. v. Hill**, 832 F.3d 135, 139 - 143 (2nd Cir. 2016) (*citing Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). The defendant must show "a realistic probability, not a theoretical possibility," that the statute in question could be applied to conduct that does not constitute a crime of violence. **Duenas-Alvarez**, 549 U.S. at 193.

use, attempted use, or threatened use of physical force against the person or property of another. *Id*. *Moreno* does not end the discussion because it is an unpublished case and, therefore, is not binding law in this case. However, *Moreno* is both informative and persuasive.

Similarly, opinions of the United States Courts of Appeal for the Second Circuit and the Eleventh Circuit on this issue are also informative and persuasive. In *U.S. v. Hill*, the Second Circuit applied the *Johnson I* interpretation of the phrase "physical force" in determining whether Hobbs Act Robbery falls within the Physical Force Clause. *Hill*, 832 F.3d at 142. In *Hill*, the defendant posited that Hobbs Act Robbery could be committed by putting the victim in fear of injury by threatening to withhold vital medicine from the victim or threatening to poison the victim. *Id*. Leaving aside the limited utility of such hypotheticals, the *Hill* court concluded that an indirect application of force to the victim, or a threat to use such force, still involves use physical force or a threat to do so. *Id*. at 144. The *Hill* court cited the opinion of the Supreme Court in *U.S. v. Castleman*, where the Court examined the phrase "physical force" as used in § 921(a)(33)(A)(ii). ___ U.S. ___, ___, 134 S.Ct. 1405, 1409 (2014). In *Castleman*, the Court concluded that use of physical force can encompass acts undertaken to cause physical harm, even when the harm occurs indirectly (as with poisoning) "rather than directly (as with a kick or punch)." *Castleman*, ___ U.S. ___, ___, 134 S.Ct. at 1415.

Similarly, in *In re Fleur*, the Eleventh Circuit concluded that the elements of Hobbs Act Robbery, as stated in § 1951, require the use, attempted use, or threatened use of physical force "against the person or property of another." *In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (finding defendant failed to make a *prima facie* showing of a basis for

a § 2255 application meriting permission to file a second or successive motion). Thus, the court concluded that Hobbs Act Robbery falls within the definition of a crime of violence under the Force Clause, § 924(c)(3)(A). *Id*.

The analyses in *Moreno*, *Hill*, and *Fleur* are persuasive. Section 1951(b)(1), which defines robbery for purposes of the Hobbs Act, requires taking of property of a victim against the will of a victim "by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." The plain meaning of the words "force, or violence," as used in this statute, means physical force capable of causing physical pain or injury, even though the force need not necessarily cause physical force or injury. The § 1951(b)(1) definition of robbery includes as an element the use, attempted use, or threatened use of physical force against the person or property of another. The § 1951 definition of Hobbs Act Robbery falls readily within the Physical Force Clause as stated in § 924(c)(3)(A).

### B.  Risk of Force Clause - § 924(c)(3)(B)

Because the Hobbs Act Robbery convictions of the movants fall readily within the Physical Force Clause, their challenge to the Risk of Force Clause, § 924(c)(3)(B), does not merit extensive analysis. However, I discuss this claim briefly to inform subsequent discussions of a key argument of the government, the argument that the claims presented by the movants were not timely filed. As noted previously, the timeliness issue hinges on whether or not the movants are asserting in this case the right newly recognized by the Supreme Court in *Johnson II*.

The movants contend their sentence enhancements are based on the language of §

924(c)(1)(A) and (c)(3)(B) (the Risk of Force Clause).  Under *Johnson II*, they assert, the Risk of Force Clause is unconstitutionally vague.  Relevantly, the language of the Risk of Force Clause differs significantly from the language invalidated in *Johnson II*.  Section 924(c)(3)(B) describes a predicate offense which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The residual clause at issue in *Johnson II* described a crime that "involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The movants contend the rule established in *Johnson II* applies equally to the language of § 924(c)(3)(B).  They contend § 924(c)(3)(B) requires judges to measure the risk posed by imagining the ordinary case of a particular offense, rather than looking to the facts of a particular case.  In addition, they contend this subsection describes the level of risk required in imprecise terms. I disagree.

    *Johnson II* does not address the language of § 924(c)(3)(B), the Risk of Force Clause.  Rather, *Johnson II* addresses the different language used in § 924(e)(2)(B)(ii).  The United States Court of Appeals for the Tenth Circuit has recognized that the language of § 924(c)(3)(B) is more narrow in scope than the language of § 924(e), the language at issue in *Johnson II*.  *U.S. v. Serafin*, 562 F.3d 1105, 1108–09 (10th Cir. 2009).  First, § 924(c)(3)(B) has a temporal limitation not present in the residual clause of § 924(e).  The risk of physical force in § 924(c)(3)(B) must occur in the course of committing the underlying predicate offense.  That temporal limitation is not present in § 924(e)(2)(B)(ii), which covers a wide variety of past crimes.  Second, § 924(c)(3)(B) addresses a more focused risk – the risk that physical force or the threat of such force will be used during the underlying predicate offense, as opposed to the general risk that injury might arise from

anything done by the defendant in the course of past crime(s), the broader risk described in the residual clause of § 924(e). Third, the scope of § 924(c)(1)(A) and (c)(3)(B) is narrowed further by the fact that this sentence enhancement applies only when a firearm is present. That relevant and distinct limitation is not a part of the broader residual clause of § 924(e)(2)(B)(ii). Fourth, § 924(c)(1)(A)(ii) and (c)(3)(B) define a criminal offense which requires a determination of guilt beyond a reasonable doubt by a jury. In contrast, the residual clause of § 924(e)(2)(B)(ii) is applicable outside of a jury determination of guilt beyond a reasonable doubt.

These key differences compel the conclusion that the movants, in their challenge to the language of § 924(c)(3)(B), are not asserting the right newly recognized in *Johnson II*. *Johnson II* applied due process vagueness limitations to specific language in § 924(e)(2)(B)(ii). Here, the movants challenge significantly different and more narrow language which is applicable in a significantly different and more narrow context.

C.  Timeliness - § 2255(f)(3)

Section 2255(f)(3) provides an expanded period of limitations for motions under § 2255 only when the motion asserts a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Thus, the key question here is whether or not the movants are asserting a right newly recognized by the Supreme Court in *Johnson II*. I find and conclude that the movants are not asserting the right newly recognized in *Johnson II*. Therefore, I conclude, the movants are not entitled to the benefit of the expanded period of limitations provided in § 2255(f)(3).

The contention of the movants that the Physical Force Clause does not apply to their Hobbs Act Robbery convictions is not an assertion of the right newly recognized by the Supreme Court in *Johnson II*. Of course, the movants argue that the Physical Force

Clause does not apply to them in an effort to assert that their sentences were enhanced under the Risk of Force Clause rather than the Physical Force Clause. If the Risk of Force Clause was the basis for their sentence enhancements, the movants assert, then they can challenge the constitutionality of the Risk of Force Clause based on the holding in *Johnson II*.

For the reasons discussed above, I conclude that even if the Risk of Force Clause was the basis for the sentence enhancements imposed on the movants, their challenge to the Risk of Force Clause is not an assertion of the right newly recognized by the Supreme Court in *Johnson II*. The statutory language of the Risk of Force Clause is substantially different from the statutory language at issue in *Johnson II*. The factual context necessary to trigger application of the Risk of Force Clause is substantially different from the factual context necessary to trigger the statutory language at issue in *Johnson II*. Thus, the challenge to the Risk of Force Clause asserted by the movants does not assert the right newly recognized in *Johnson II*.

I note that the Tenth Circuit has extended the *Johnson II* rationale to the language of 18 U.S.C. § 16(b), which also defines the term "crime of violence." *Golicov v. Lynch*, 837 F.3d 1065, 1075 (10th Cir. 2016) (addressing § 16(b) as incorporated by the Immigration and Nationality Act). The language of § 16(b) is essentially identical to the language used in § 924(c)(3)(B), the Risk of Force Clause. The *Golicov* holding augurs in the direction of the position taken by the movants but it does not compel a different conclusion concerning the applicability of § 2255(f)(3).

First, a holding by the Tenth Circuit does nothing to make § 2255(f)(3) applicable. Only a right newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review triggers the application of § 2255(f)(3). Second, the holding that § 16(b) is void for vagueness under the *Johnson II* rationale does not compel the conclusion that § 924(c)(3)(B) is also void for vagueness. As noted in this order, § 924(c)(1)(A)(ii) and (c)(3)(B) provide language and context significantly different and more narrow than § 924(e)(2)(B)(ii) and § 16(b).

> As the *Johnson* Court determined, no doubt should be cast upon laws that apply a qualitative risk standard to "*real-world facts or statutory elements.*" *See* [*Johnson*, 135 S. Ct.] at 2557, 2561 (emphasis added). Unlike the ACCA and INA, which require a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference.

*Shuti v. Lynch*, 828 F.3d 440, 449 (6th Cir. 2016). Certainly *Johnson II* can be read to provide some support for the argument asserted by the movants but the significant differences in the relevant statutory language and the context in which that language is applicable demonstrate that the movants are not asserting the right newly recognized in *Johnson II*.

Because the movants are not asserting here the right newly recognized in *Johnson II*, § 2255(f)(3) is not applicable to the motion of the movants. Rather, under § 2255(f), the claims of the movants are time barred if they were not filed within one year of the date on which their convictions became final. The convictions of Mr. Mosely became final on or about October 1, 2009. Mr. Mosely filed his § 2255 motion on June 20, 2016, more than six years after his convictions became final. The convictions of Mr. Santistevan became final when the Supreme Court denied his petition for certiorari on April 18, 2011. Mr. Santistevan filed his initial § 2255 motion [#197] on June 30, 2016, more than five years after his convictions became final. Neither motion was filed within the one year of the date

the convictions in question became final.  Both motions are, therefore, time barred.

### IV.  COA

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  The movants have not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability is denied.

### V.  CONCLUSION & ORDERS

The movants are not asserting a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Therefore, the extended period of limitations of § 2255(f)(3) is not applicable to the motion of the movants.  The motion of the movants was filed well after the applicable one year period of limitations stated in § 2255(f)(1).  Thus, the motion must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **28 U.S.C. § 2255 Motion To Vacate Sentence** [#195] filed by defendant movant Ishmael Mosely is denied;

2.  That the **Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody** [#197][#198] filed by defendant Roman Santistevan is denied;

      3.  That the **Motion to Expedite** [#212], in which the defendant-movants seek swift resolution of their motions, is granted; and

      4.  That a certificate of appealability is denied.

Dated February 16, 2017, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge